IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RENEE L. ATZENI-DANDREA,　　　　)
　　　　　　　　　　　　　　　　　)　　Civil Action No.  2:20-583
　　　　　　Plaintiff,　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　)
WVU HOSPITALS,　　　　　　　　　　)
　　　　　　Defendant.　　　　　　 )

**OPINION**

Pending before the court is a motion filed by defendant WVU Hospitals ("defendant") to dismiss this case for improper service pursuant to Federal Rule of Civil Procedure 12(b)(5) (ECF No. 5), with brief in support.  Defendant reports that on May 28, 2020, its registered agent received a 1-page summons via regular United States mail.  No complaint was attached and defendant did not receive a request for waiver of service.  The motion will be resolved without a response from the pro se plaintiff, Renee Atzeni-Dandrea ("Atzeni-Dandrea" or "plaintiff").

This case was reopened on May 4, 2020, when plaintiff paid the filing fee.  Plaintiff is attempting to assert employment discrimination claims against defendant.  As a pro se litigant, plaintiff is afforded particular leniency – although her status does not absolve her of the need to comply with the service rules.  *Leach v. Phelan Hallinan Diamond & Jones, LLP*, No. CV 19-3183, 2020 WL 1875631, at *5 (E.D. Pa. Apr. 15, 2020).

Pursuant to Federal Rule of Civil Procedure 4, a plaintiff must either (1) properly serve the complaint; or (2) fully comply with the procedures set forth in Rule 4(d) to request a defendant to waive service.  To properly serve a corporation such as WVU Hospitals, a representative of plaintiff must deliver a copy of the summons and the complaint to an officer,

managing agent, or other authorized agent, or in accordance with state law (i.e., Pennsylvania Rule of Civil Procedure 424).  Federal Rule of Civil Procedure 4(h).

Service by mail on a corporation is not authorized.  *Leach*, 2020 WL 1875631, at *4.  WVU Hospitals is correct that plaintiff's attempt at service in this case was improper.  The motion will be granted in part and the service attempted by mail in May 2020 will be quashed.

Courts have considerable discretion about how to remedy improper service.  *Id.* (quoting *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) (explaining that district courts possess "broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process")).  When "there exists a reasonable prospect that service may yet be obtained," dismissal of the case is inappropriate; "the district court should, at most, quash service, leaving the plaintiffs free to effect proper service."  *Id.*

Dismissal of the complaint is not warranted in this case, as defendant recognizes.  Plaintiff is clearly attempting to proceed with her litigation, although she would benefit from the assistance of counsel and study of the applicable Federal Rules of Civil Procedure.  The service failure was technical and there is a reasonable prospect that proper service will be achieved.  Accordingly, plaintiff will be afforded an opportunity to comply with the service rules either to serve properly the complaint or to obtain WVU Hospitals' agreement to waive service.  Plaintiff should be aware of the 90-day time limit set forth in Federal Rule of Civil Procedure 4(m).  Defendant's motion will be denied in part, to the extent it seeks dismissal of the complaint.

An appropriate order follows.

BY THE COURT:

/s/ Joy Flowers Conti_____
Joy Flowers Conti
Senior United States Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE L. ATZENI-DANDREA, | ) |
| Plaintiff, | ) Civil Action No. 2:20-583 |
| v. | ) |
| WVU HOSPITALS, | ) |
| Defendant. | ) |

**ORDER**

AND NOW this 30th day of June, 2020, in accordance with the accompanying opinion, it is hereby ORDERED that the motion to dismiss for improper service (ECF No. 5) is GRANTED IN PART AND DENIED IN PART, as follows: (1) the service by mail attempted in May 2020 is quashed; and (2) plaintiff will be afforded an opportunity to either properly serve the complaint or to obtain and file WVU Hospital's agreement to waive service within the time limits set forth in Federal Rule of Civil Procedure 4(m).

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States Judge

cc:   Renee L. Atzeni-Dandrea
      P.O. BOX 103
      Hopwood, PA 15445

Via U.S. Mail